Entered on Docket August 12, 2024

Below is the Order of the Court.



**Christopher M. Alston**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

---

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5310

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Chapter 7 |
| Melanie A. Smith, | Case No. 24-10218 |
| Debtor. | ORDER TO SHOW CAUSE |

    This matter came before the Court *sua sponte*. The Debtor filed this case *pro se* before hiring Marc Stern ("Counsel") to assist her. Approximately one month after he first appeared in the case, Counsel moved to convert the Debtor's case from chapter 7 to chapter 13. Counsel is an experienced bankruptcy attorney in this district and knows or should know of the requirement to file post-conversion schedules. The Debtor, however, did not file post-conversion schedules following entry of the order converting the case [ECF No. 32] on June 6, 2023.

    Later that day, the Court issued an order to file post-conversion schedules [ECF No. 35],

Order to Show Cause - 1

setting a deadline of June 21, 2024, for the Debtor to file post-conversion schedules. The Debtor did not file the post-conversion schedules and did not file any explanation for her failure to meet the deadline. On June 24, 2024, the Court issued an order to show cause for the failure to file the post-conversion schedules [ECF No. 39]. This order to show cause required the Debtor to appear before the Court on July 25, 2024, to explain her failure to file the post-conversion schedules unless the Debtor filed the missing documents at least seven days prior to the hearing. The Debtor again did not file anything. The Court's docket reflects that Counsel received notice of the orders at ECF Nos. 35 and 39, but he filed no response on behalf of his client.

Counsel and the Debtor appeared at the July 25 hearing, at which the Court pressed upon Counsel and the Debtor the importance that the post-conversion schedules be filed as soon as possible. Counsel indicated that the Debtor preferred dismissal of her case to allow her to complete an imminent reverse mortgage. The Court continued the hearing on the Order to Show Cause to August 8, 2024, to give the Debtor additional time to file the missing documents or evidence of the reverse mortgage. The Debtor again failed to file any schedules or evidence.

At the August 8 hearing, Counsel failed to adequately explain the failure to file post-conversion schedules or evidence. While Counsel represented that he and the Debtor had finally completed the schedules, they were not filed with the Court prior to the hearing. The Court also heard the Chapter 13 Trustee's pending motion to convert at the same time, which it granted over the Debtor's objection largely based on the failure to file post-conversion schedules and abide by the Court's orders at ECF Nos. 35 and 39. Counsel was well aware of the Court's orders and deadlines, and also of the importance of filing missing schedules. The Court notes that it recently sanctioned another of Counsel's clients for failure to file schedules. *See In re Nicoloudakis*, Case No. 23-12177, U.S. Bankruptcy Court for the Western District of Washington, at ECF No. 95.

The Court has the inherent power under 11 U.S.C. § 105(a) to sanction parties who violate specific orders. *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002). Additionally, the Court has the inherent power under 11 U.S.C. § 105(a) to sanction bad faith conduct. *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.),* 77 F.3d 278 (9th Cir. 1996). The Court may also order the return of any payments that exceed the reasonable value of the services under 11 U.S.C. § 329(b).

Now, therefore, it is hereby ORDERED as follows:

Order to Show Cause - 2

1. Counsel shall appear before the Court on **August 29, 2024, at 9:30 a.m.** at Judge Alston's Courtroom, U.S. Courthouse, Room 7206, 700 Stewart Street Seattle, Washington, to show cause why sanctions should not be imposed on him under 11 U.S.C. §§ 105(a) and 329(b);

2. By **August 22, 2024,** Counsel shall file a response and a declaration that responds to this Order. The declaration shall include how much Counsel has been paid in this case; and

3. Any other interested party may respond to this Order by no later than **August 22, 2024.**

//END OF ORDER///