Honorable Christopher M. Alston
Hearing date: **April 10, 2025; 9:30 a.m.**
Hearing Place: Room 7206, 700 Stewart Street, Seattle, WA 98101
Responses due by: **April 9, 2025**

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

MELANIE A. SMITH,
a/k/a M. A. Smith, a/k/a M. Smith,

        Debtor(s).

Chapter 7
Bankruptcy No. 24-10218-CMA

TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING SALE OF REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES OR, IN THE ALTERNATIVE, ABANDONING PROPERTY

      COMES NOW the trustee, Michael P. Klein, through counsel The Livesey Law Firm, and Rory C. Livesey, and moves this Court, **pursuant to an order shortening time,** for an order authorizing the trustee to sell property of the estate or, in the alternative, abandoning said property.

<u>Sale of Real Property</u>

      The property to be sold, the terms of the sale and the other details can be summarized as follows:

| | |
|---|---|
| Street address of property to be sold: | 3057 - 42nd Avenue West, Seattle, WA 98199 |
| Legal description of property to be sold: | Lots 1-2, Blk 4, Hiawatha Park Second Add. to the City of Seattle, Vol. 5, P. 21, King County, WA |
| Parcel No.: | 327180021500 |
| Sale price: | $1,280,000.00 |
| Terms of sale: | Cash at Closing |

**TRUSTEE'S MOTION**
250324cMot   Page 1

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

| | | |
|---|---|---|
| Purchaser: | | Stephen M. Fry, and/or assigns |
| Purchaser's address: | | 688 - 110th Avenue N.E., S1410<br>Bellevue, WA 98004 |
| Costs of sale: | | The estate will pay the real estate agent a commission of 6% of the gross sales price or such lesser amount as the agents shall agree to; and, the estate will pay those costs of sale customarily paid by the Seller in Western Washington. These costs would include, but are not limited to, title insurance, real estate taxes due through the date of sale and one-half of the escrow costs. |
| Utility Liens | | In many cases the existence of a utility lien and/or the amount of the lien is unknown until closing or thereafter. These liens usually, but not always, are equal to the utilities bills incurred over several months. The trustee will pay these liens from the sale proceeds. |
| Encumbrances & approximate claim amounts: | (1) | U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust ("U.S. Bank"), deed of trust - $475,000;[1] |
| | (2) | Deutsche Bank National Trust Company, as indenture trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-8, asset-backed securities, Series 2006-8 ("Deutsche Bank"), deed of trust - $655,000; and |
| | (3) | Federal National Mortgage Assn judgment - $322,700. |

Said sale will be free and clear of all liens and interests, said liens and interests to attach to the proceeds of the sale as though those proceeds were the property, said liens and interests to be satisfied from those proceeds. Notwithstanding the foregoing, the trustee requests the authority to pay U.S. Bank the full amount of its debt at closing. Pursuant to Section 363(f)(4), the trustee disputes all or part of the Deutsche Bank debt on statute of limitations grounds. The trustee further disputes the Federal National Mortgage Association judgment as a duplication of or a modification to the obligation owed to U.S. Bank. Moreover, the debtor has claimed a homestead on the property.

---

[1] Assignee of Wilmington Savings Fund Society, FSB.

**TRUSTEE'S MOTION**
250324cMot Page 2

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

At the moment, the encumbrances of record exceed the sale price.  Distribution on the homestead will be subject to further order of the Court.

The trustee employed a realtor to list and market the property.  The proposed purchaser was secured through normal marketing procedures.  Therefore, the trustee believes and therefore alleges that the purchaser is a good faith purchaser for value.

To address any deadlines imposed by the agreement, the trustee is requesting that the stay provided by Federal Rule of Bankruptcy Procedure 6004(h) not apply to this sale.

<u>Alternative Motion to Abandon</u>

In the alternative, should the court not authorize the trustee to sell the real property, the trustee is requesting authority to abandon it.  If the property is not sold it will be lost to foreclosure.  The proposed sale price is $1,280,000.  The debtor's basis in the property appears to be only $400,000.  Even factoring in the exclusion for the sale of a primary residence, the gain could be in excess of $500,000.  The capital gains tax on that amount is estimated to be $85,000.  Although it is uncertain that a foreclosure price will be that high, U.S. Bank is owed more than the debtor's basis in the property.  Any transfer of the property, either by sale or foreclosure, will likely generate an administrative tax obligation for the estate.  As such, the property is both burdensome and of inconsequential value to the estate, and the trustee is requesting that it be abandoned.

WHEREFORE, the trustee prays for an order accordingly.

RESPECTFULLY SUBMITTED this 25th day of March, 2025.

THE LIVESEY LAW FIRM

/S/ *Rory C. Livesey*

Rory C. Livesey, WSBA #17601
Attorney for Michael P. Klein, Trustee

**TRUSTEE'S MOTION**
250324cMot   Page 3

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 24-10218-CMA   Doc 126   Filed 03/26/25   Ent. 03/26/25 09:28:47   Pg. 3 of 3