The Honorable Christopher M Alston
Chapter 7
Hearing Location: United States Bankruptcy
Court, Courtroom 7206,
700 Stewart Street,
Seattle, WA 98101
Hearing Date: MOTION SHORTENING
AT JUDGE'S DISCRETION
FOR REQUESTED HEARING  4/10/25
Hearing Time: 9:30 am
Response Date: Proposed  4/8/25 Noon

UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | ) NO. 24-10218-CMA |
| | ) EX PARTE MOTION & |
| Melanie A Smith aka M A Smith aka M Smith | ) DECLARATION TO SHORTEN |
| | ) TIME |
| Debtor | ) FOR DEBTOR MOTIONS TO |
| | ) 4/10/25 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

COMES NOW, Debtor Melanie Smith, by and through her attorney, William C. Budigan,

to shortened time for the hearing of Debtor's several motions regarding converting CH 7 to

CH13, Vacating 8/23/24 Order and Staying First Mortgage Creditor's foreclosure 4/11/25,

regarding claims of first and second mortgage amounts due and regarding sale or foreclosure of

Debtor's home to be heard on 4/10/25 9:30am, Seattle, instead of 21 days or longer notice that

would be AFTER the first mortgage Creditor's foreclosure sale set for 4/11/25.

Debtor Melanie Smith has  filed several motions and was already denied shortening time for them to 4/3/25:

DKT 131  DEBTOR'S MOTION TO VACATE ORDER OF 8/23/24 AND  REINSTATE CREDITOR  CLAIM OF U.S. BANK TRUST NATIONAL ASSOCIATION (FORMERLY WILMINGTON SAVINGS FUND SOCIETY) AND THE STAY THEREON  IN CHAPTER 7 AND CONVERT CHAPTER 7  TO CHAPTER 13 –this is not filed yet, but will be filed 3/25/25 .

DKT 123  MOTION TO DETERMINE WHO GETS THE DEBTOR'S REAL PROPERTY HOME

 DKT 125 MOTION FOR ORDER THAT THE DEBT TO WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT HAS BEEN WAIVED AND ORDER REMOVING THE DEPARTMENT AS A CREDITOR IN DEBTOR'S CHAPTER 7

MOTION FOR ORDER THAT THE DEBT TO COMCAST/WAYPOINT FOR $149 HAS BEEN PAID AND ORDER REMOVING COMCAST/WAYPOINT AS A CREDITOR IN DEBTOR'S CHAPTER 7

MOTION FOR DETERMINATION OF AMOUNTS OWING TO FIRST AND SECOND MORTGAGES AFTER REDUCTION FOR STATUTE OF LIMITATIONS BARRED MISSED PAYMENTS AND MEMORANDUM IN SUPPORT

HOWEVER, time should be shortened to allow a decision by the court after an opportunity for briefing and argument, so that there is a decision PRIOR to the 4/11/25 foreclosure of Debtor's house.

DATED this 4th day of April, 2025.

_/s/_____

William C. Budigan,   WSBA #13443
Attorney for Debtor, Melanie Smith
2601 42nd Avenue W, Seattle, WA 98199
(206) 284-5305
Info@budiganlaw.com

## DECLARATION OF WILLIAM C. BUDIGAN

1. I am the attorney for  Debtor.

2. Good cause exists for shortening the time :

3. There is already a hearing scheduled on the disposition of the DEBTOR'S house for 4.10.25 930am and attorneys have  given notice of intent to argue.

4. First mortgage creditor has a foreclosure sale 4/11/25 and the Bankruptcy trustee and debtor have Purchase and Sale Agreements awaiting approval. However, Debtor wants to keep her house  and is moving to convert the Ch7 to Ch13  for the two mortgages. We all need all this resolved before 4/11/25 foreclosure .

5. DEBTOR's exigent circumstances and not intentional delay  here are sufficient to support Debtor being allowed shortened time  because  The Trustee's sale potential offer and DEBTOR's much higher potential buyer offer are recent and  not received in time for full time allowed under the rules for notice and response and the court already denied Debtor's 4/3/25 proposed hearing date giving opposing parties more response time, but this was denied by the

court and now left to less than 24 hours before the foreclosure sale. Debtor was pro se and did all she could being unrepresented and calling more than 10 attorney offices and could not get any firms to accept the case after the 10/9/24 notice of Trustee's Sale. She impressed attorney William Budigan at the last weeks to do a work out and promised a bankruptcy attorney to help her, but she could not find anyone ,nor had the high retainers for any. She did not have the pro se skills to bring these motions earlier. She begs the court to allow her motions and not allow her house to be lost to a sale without her solutions being considered by the court and begs the court to not deny shortened time for the motions again.

3. Per Rule 9031-1(B):.. all parties entitled to notice of the underlying motions and this was done by email on 3/21/25, 3/23/25, and 3/24/25 and today by this motion filing .

I certify the above is true and correct under penalty of the perjury laws of the State of Washington.

DATED this 4th day of April , 2025 at Seattle, Washington.

_____
WILLIAM C. BUDIGAN WSBA #13443
Attorney for Debtor